R. B. SMITH *et al.*, Respondents, v. THOMAS BRASHER, Appellant.

Kansas City Court of Appeals, November 23, 1896.

Roads and Highways: ASSESSMENT OF DAMAGES: COSTS. Where in a proceeding to open a new road one files exceptions to the report of the commissioners assessing damages and the court orders the jury to try the damages anew and thereafter the exceptor withdraws his exceptions, he will be liable for the costs accruing after the filing of his exceptions.

*Appeal from the Cedar · Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*James Masters* for appellant.

(1) The county of Cedar, in whose favor the circuit court entered its judgment, is not a party to the record and does not claim any interest in said judgment. (2) The petitioners can have no interest in a judgment in favor of Cedar county, Missouri, unless such interest appears on the face of the judgment. See 6 Mo. App. 498, and see *Caulfield v. Farish*, 24 Mo. App. 110. (3) A judgment is conclusive and final as to all parties to the record, and unless the judgment of the circuit court is in favor of the petitioners, the plaintiffs, the presumption is that the court found against them in favor of the appellant in this case. See *Caulfield v. Farish*, *supra*. (4) The county court of Cedar county, by W. W. Younger, prosecuting attorney of said county, having signed stipulations and agreed to the reversal and dismissal of all proceedings against the appellant, this court should so order and

adjudge. See W. W. Younger's return to rule in this case and stipulations.

*Hastin & Nelson* and *Ira E. Barber* for respondents.

(1) If the exceptor prevails the county must pay damages and costs, and if the exceptor does not prevail he must pay the costs of the proceeding. (2) A petitioner for a road; through whose premises a road is sought to be established, may except to report of commissioners. The fact of his being a petitioner does not *ipso facto* make him donate his land, or prevent him from claiming what he regards to be adequate compensation therefor. The only rule of determining parties plaintiff and defendant to an action is to ascertain who must gain or lose by the litigation. R. S. 1889, sec. 7799; Laws of Missouri, 1893, pp. 223, 224, sec. 7799.

SMITH, P. J.—It appears from the record before us that the said R. B. Smith and others petitioned the county court for the establishment of a new road. It further appears that on the incoming of the report of the commissioners appointed to assess the damages to the landowners, that the appellant, Brasher, filed written exceptions thereto and that thereupon the county court made an order for a jury of six freeholders to try the case anew on the question of damages. It further appears that the petitioners, or some of them, for the establishment of the road, were subpoenaed as witnesses to testify before the jury at the trial of the issue on the exceptions. But before the question of the damages was tried by the jury, the exceptor withdrew his exceptions to the report of the commissioners and thereupon the county court taxed the costs occasioned by the filing of such exceptions against the exceptor. The exceptor filed a motion to

retax the same, in which he was unsuccessful, both in the county and circuit courts. The appeal is by the exceptor from the judgment of the circuit court.

The only question thus presented is as to the propriety of the action of the trial court in overruling the appellant's said motion.

The statute—section 7799, Revised Statutes—expressly provides that if the amount assessed by the jury be the same, or a less amount than that assessed by the commissioners, the exceptor shall pay the costs of such proceedings on the exceptions, but if the amount of the damages assessed by the jury shall be greater than that assessed by the commissioners, the county shall pay the amount of such excess and costs of such proceedings.

It thus appears that in no event were the petitioners for the establishment of the road interested in the result of the contest between the county and the exceptor on the question of the damages. Their liability could not be increased or diminished by any action taken on the exceptions. They were not parties to the controversy. They were competent witnesses on the trial of the issue made by the exceptions. It does not appear that the petitioners were subpoenaed for a fraudulent or collusive purpose. Indeed, it does not appear at whose instance they were subpoenaed. There is nothing shown by the record disentitling them to their statutory fees as witnesses in the matter concerning which they had been subpoenaed to testify. The exceptor having by the filing of his exceptions caused the incurring of the cost charged against him is, we think, clearly legally liable therefor.

The bill of exceptions appears to have been signed by the judge in vacation, but no order appears in the record showing that during the term of the court at which the motion was determined leave was given to

file it in the vacation of the court; nor, indeed, does it appear that it was ever filed; so that we might have disposed of the case without consideration of the question involved in the appeal. It follows that the judgment will be affirmed. All concur.