J. L. WILHITE et al., Plaintiff in Error, v. L. S. WOLFE, Defendant in Error.

**Kansas City Court of Appeals, June 3, 1901.**

**Costs:** ROADS AND HIGHWAYS: APPEALS: JURISDICTION. Where, in a proceeding to open a road, an appeal is taken from the county court, and the circuit court dismisses the cause for want of jurisdiction in the county court, all the cost is properly taxed against the petitioners.

Error to Boone Circuit Court.—*Hon. Jno. A. Hockaday,* Judge.

AFFIRMED.

*Webster Gordon* for plaintiff in error.

(1) The circuit court committed error in entering judgment for all accrued costs in this cause against the petitioners. They were not parties to the controversy, between the county and the exceptors on the question of damages. This court said, "It thus appears that in no event were the petitioners for the establishment of the road interested in the result of the contest between the county and the exceptor on the question of the damages. Their liability could not be increased or diminished by any action taken on the exception. They were not parties to the controversy." Smith v. Brashear, 67 Mo. App. 556, loc. cit. 558; R. S. 1899, sec. 9417.

*N. T. Gentry* for defendant in error.

(1) No error was committed by the circuit court in assessing the costs against the petitioners for the new road. Under no circumstances can the costs be assessed against the defendant in error, L. S. Wolfe, as the circuit court dismissed the cause on his motion. (2) Plaintiffs in error can not have the action of the lower court reviewed by this proceeding; as there was a final judgment of dismissal at the February term, 1900, and this motion to retax costs was not filed until the November term, 1900. (3) Counsel for defendant in error suggest that this court can not review the action of the trial court in this proceeding for the further reason that no writ of error, no notice thereof and no brief, has been served on any representative of Boone county. This court should therefore not adjudge the costs against Boone county, but allow the same to remain as adjudged by the circuit court.

SMITH, P. J.—The plaintiffs in error by their petition applied to the county court for the establishment of a public road. The proposed road ran partly over the land of the defendant in error who refused to relinquish the right of way. The court appointed commissioners to assess the damages. The defendant in error filed his written exceptions to the report of the commissioners and thereupon the court made an order for a jury to try the case anew. The damages assessed by the jury, and for which there was judgment, was the same in amount as that reported by the commissioners. The defendant prosecuted his appeal from that judgment to the circuit court. In the latter court the defendant in error there filed a motion to dismiss the proceeding for want of jurisdiction in the county court to make the several orders and judgments appealed from. This motion was sustained and a judgment given dismissing the proceeding and taxing all the costs incurred in both courts against the plaintiffs in error. The plaintiffs in error object

to the action of the court in adjudging the costs against them.

They set on foot the proceeding and if it failed for want of jurisdiction, no reason is seen why they should not be liable for the costs incurred. It seems to us the objection is answered by section 1555, Revised Statutes 1899, which provides that where an appeal is taken from a county court and the judgment be reversed and the judgment of the appellate court be in favor of the appellant, the appellee shall pay the costs of both courts. If the proceeding had not been dismissed we could very well see how the ruling made by us in Smith v. Brashear, 67 Mo. App. 556, would be applicable. Where a cause is dismissed, as here, for want of jurisdiction to give the judgment appealed from, it seems to us that independent of the statutes that about the only judgment any court could give in respect to costs would be that given in this case.

We think the judgment should be affirmed. All concur.