In re Dittman v. Moeller.

---

In the Matter of the Application for new Public Road; PETER DITTMAN et al., Respondents, v. W. D. MOELLER, Appellant.

Kansas City Court of Appeals, May 23, 1910.

COUNTY ROADS: Practice: Appeals: Costs. On petition filed to establish a public road the county court appointed commissioners who allowed appellant $200 on account of damages to his land. He excepted and on motion was allowed a trial before a jury, which also allowed him $200, and the county court thereupon dismissed the petition and taxed the costs of the jury trial against appellant, who appealed "from the judgment taxing costs" to the circuit court. On motion the circuit court properly dismissed the appeal, there being no provision of statute for the allowance of an appeal from the judgment of a county court taxing costs in such a case.

Appeal from Gasconade Circuit Court.—*Hon. R. S. Ryors,* Judge.

AFFIRMED.

*Robert Walker* for appellant.

*R. A. Brewer,* for appellant, filed no brief.

JOHNSON, J.—The controversy before us is over costs taxed against appellant in a proceeding to establish a public road, instituted in the county court of Gasconade county. A petition was filed in accordance with the provisions of section 9414, Revised Statutes 1899. The proposed road, if opened, would damage land of appellant and in due course of procedure, commissioners were appointed to assess his damages. In their report, the commissioners awarded him two hundred dollars. He excepted to the allowance and prayed the court "to make an order of record that the question of damages sustained by this exceptor be tried by a jury of six freeholders before this court as provided by law."

The county court allowed appellant a trial and the jury assessed the damages, as did the commissioners, at two hundred dollars. Afterward, the court made the following order: "Petition dismissed. The amount of damages found by the jury due and coming to W. D. Moeller, exceptor, did not exceed the amount awarded to the said W. D. Moeller by the commissioners appointed herein to assess damages; therefore, costs in trial by jury to assess damages to W. D. Moeller, in the sum of $148.25, is hereby taxed to said W. D. Moeller." Appellant filed an affidavit for appeal in which he stated "that his appeal is from the judgment taxing costs," etc. The appeal was allowed to the circuit court. In that court respondents filed a motion to dismiss the appeal on the grounds: "1st. Because an appeal does not lie from the county court in this case. 2d. No motion was made in the county court to retax the costs before taking the appeal." This motion was sustained and the cause is here on appeal from the judgment of the circuit court dismissing the appeal from the county court. That appeal, as stated, was from an order taxing costs. It is provided in section 1788, Revised Statutes 1899, that in all cases of appeal from the county court, such appeal shall be prosecuted in the same manner as is provided by law for the regulation of appeals from justices of

the peace and in section 4062, provision is made for an appeal from a judgment of a justice of the peace taxing costs.

These statutes are invoked by appellant, and we are referred to our decision in Wilhite v. Wolfe, 90 Mo. App. 18, where we held that where the proceeding to open a road was dismissed by the circuit court for want of jurisdiction in the county court, all of the costs should be taxed against the petitioners. But that was a case where the county court proceeded as far as it could to open the road and was not a case, such as the present, where, for some reason, the county court refused to make an order to open the road and dismissed the petition.

The statute relating to appeals in road cases (section 9419) provides for an appeal only in the following cases, viz: "From the judgment of the county court assessing damages, or for opening, changing or vacating any road." As was said in Albridge v. Spears, 101 Mo. l. c. 405: "No appeal is provided for by the road law where the county court refuses to make an order opening or changing a road." The case just cited was certified by this court to the Supreme Court and our decision was affirmed. In our opinion, we said, speaking through ELLISON, J.: "This section of the road law permits appeals in certain specified cases; the refusal of the petition for a road not being one of them. By such enumeration of cases in which an appeal may be had, the implication is clear that it is denied in other cases, even under section 1102." [R. S. 1879.]

The provisions of section 9419 are exclusive, and since they do not allow an appeal from a judgment taxing costs in cases where the county court refuses to open the road, the motion to dismiss the appeal was properly sustained by the circuit court on the first ground.

The judgment is affirmed. All concur.